IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ELAINE WILLOW ROSE MOONE                                              PLAINTIFF
ADC #139166

v.                              4:22-cv-00873-KGB-JJV

DEXTER PAYNE, Director, ADC; *et al.*                                DEFENDANTS

**PARTIAL RECOMMENDED DISPOSITION**

The following Partial Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Elaine Willow Rose Moone ("Plaintiff") is a transgender prisoner who identifies as female. She has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging former Warden Moses Jackson, III and current Warden Thomas Hurst have violated her constitutional rights at the Grimes Unit by refusing to provide her with private showers, bras, female canteen items, and an orchiectomy. (Doc. 5.) Additionally, she says Defendants are denying her "mail from my LGBT+ family." (*Id*. at 5.)

Defendants Jackson and Hurst have filed a Motion for Judgment on the Pleadings arguing Plaintiff has failed to plead a plausible claim for relief. (Docs. 16-17.) After careful

1

consideration and for the following reasons, I recommend the Motion be DENIED.

## II.    JUDGEMENT ON PLEADINGS STANDARD

Rules 12(b)(6) and (c) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). When considering a motion for judgment on the pleadings under these Rules, the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).  The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion for judgment on the pleadings, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.  *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016).  The factual allegations in the complaint must "state a claim to relief that is plausible on its face."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal,* 556 at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.*   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  *Id.*

### III.   DISCUSSION

#### A.   Supervisory Liability

In a § 1983 action, supervisors may not be held vicariously liable for constitutional violations committed by their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Defendants argue Plaintiff has not pled a plausible claim against them because the Amended Complaint does not contain any facts suggesting they were personally involved in her care for gender dysphoria. I disagree. Prison supervisors can be held liable in § 1983 actions if they have actual knowledge about a constitutional violation but fail to take corrective action. *See Luckert v. Dodge Cty.*, 684 F.3d 808, 817-18 (8th Cir. 2012); *Schaub v. VonWald*, 638 F.3d 905, 920 (8th Cir. 2011); *Langford v. Norris*, 614 F.3d 445, 460-63 (8th Cir. 2010). For this reason, inmates are required to file grievances raising their claims with prison administrators before filing a lawsuit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones*, 549 U.S. at 219 (one of the purposes of the exhaustion requirement is to allow "a prison to address complaints about the program it administers before being subjected to suit").

In the Amended Complaint, Plaintiff says Warden Jackson knew about the denial of gender dysphoria care, but they failed to take corrective action. (Doc. 5 at 4.) Although the Amended Complaint could be clearer on the matter, I think that liberally construing it Plaintiff is saying Defendant Hurst also knew about the matter but failed to correct it after he took Defendant

Jackson's place as the Warden of the Grimes Unit.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* complaints must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers"); *Weeks v. City of Lake Norden*, No. 21-3882, 2022 WL 14808270 (8th Cir. Oct. 26, 2022) (reversing dismissal when the trial court failed to liberally construe the *pro se* plaintiff's allegations).   Assuming the truth of Plaintiff's assertions, which I must do at this stage in the proceedings, I find she has pled plausible claims against Defendants Hurst and Jackson.

   **B.**  **Inadequate Medical Care Claim**

   To plead a plausible § 1983 inadequate medical care claim, a prisoner must provide facts: (1) she had an objectively serious medical need; and (2) the defendants subjectively knew of, but deliberately disregarded, that serious medical need.  *See Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010).  As to the first element, the Eighth Circuit has recognized gender dysphoria as an objectively serious medical need.  *Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015); *White v. Farrier*, 849 F.2d 322, 325 (8th Cir. 1988).

   Defendants argue they are entitled to dismissal, based on the second element, because a prisoner's disagreement with a medical provider's treatment decisions does not rise to the level of deliberate indifference.  *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). However, in the Amended Complaint, Plaintiff says medical providers at the Randall Williams Unit allowed her to use private showers, gave her sports bras, and allowed her to buy gender affirming items from the canteen.  But she was not allowed to do so once she arrived at the Grimes Unit.  A "doctor's decision to take an easier and less efficacious course of treatment" may constitute deliberate indifference.  *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010); *see also*

*Pool v. Sebastian Cnty. Ark.*, 418 F.3d 934, 942 (8th Cir. 2005) ("Medical treatment may so deviate from the applicable standard of care as to evidence deliberate indifference").  <u>Evidence</u> may later establish medical officials at the Grimes Unit were not deliberately indifferent when they discontinued this course of treatment.  *See Reid*, 808 F.3d at 1191.  But at the pleading stage, I conclude the facts as alleged by Plaintiff state a <u>plausible</u> inadequate medical care claim.

  **C.** **Censorship Claim**

Prisoners have a First Amendment right to receive mail.  *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989).  Thus, prisons may censor or prevent an inmate from receiving mail only if doing so is "reasonably related to legitimate penological interests."  *Id.*; *Sisney v. Kaemingk*, 15 F.4th 1181, 1190-97 (8th Cir. 2021).  When making this determination, a court must consider: (1) whether there is a valid, rational connection between the prison regulation and a neutral, legitimate governmental interest; (2) whether alternative means exist for the inmates to exercise the constitutional right; (3) the impact accommodating the right would have on inmates, guards, and prison resources; and (4) whether ready alternatives exist to the prison regulation.  *Id.*; *Turner v. Safley*, 482 U.S. 78, 89-91 (1987).

In the Amended Complaint, Plaintiff says she is not being allowed to receive "mail from LGBT+ family."  (Doc. 5 at 5.)  The Court broadly construes that *pro* se statement as an allegation that her mail is being censored or denied due to its content and not because of any legitimate penological interests.  Thus, Plaintiff has pled a <u>plausible</u> free speech claim.  Whether she will have sufficient <u>evidence</u> to proceed to trial and/or ultimately prevail on her claims are issues for another day.

**IV.** **CONCLUSION**

   IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Judgment on the

Pleadings (Doc. 16) be DENIED.

    DATED this 26th day of January 2023.

                                                    _____
                                                  JOE J. VOLPE
                                                  UNITED STATES MAGISTRATE JUDGE